Joseph L. Spofford et al. v. Lucian Minor, Administrator.

Delivered May 14, 1896.

**Administration—Commissions for Paying Over Money.**

An administrator is not entitled to five per cent commissions under the statute for paying over money, proceeds of the estate, to executors of the decedent in another State, although such executors receive it for the executors of another estate who had recovered judgment against them for such proceeds.

Appeal from Galveston. Tried below before Hon. William H. Stewart.

*Mott & Armstrong,* for appellants.—The payment made by the Texas administrator to the executors and trustees was equivalent to paying out money to the heirs and legatees as such, and he was not entitled to commissions on such payment. Rev. Stats., arts. 2190-2191; Dwyer v. Kalteyer, 68 Texas, 554.

*Robt. G. Steeet,* for appellees.

WILLIAMS, Associate Justice.—This appeal is from an order of the court below allowing the appellee, as administrator in Texas of the estate of Susan Spofford, deceased, five per cent commissions on moneys paid over by him to appellants, who are the executors, in New York, of the will of Susan Spofford, and are also trustees appointed by the same will for legacies bequeathed by her.

The legal title to a large quantity of lands in Texas was vested in the deceased, and appellee, at the request of appellants, took out letters of administration with the will annexed in this State, and has sold lands, collected the purchase money, paid expenses and turned over to appellants the residue of such proceeds, deducting five per cent of same as commissions. In a suit in New York between the representatives of the estate of Paul Spofford and those of the estate of Susan Spofford, the lands in Texas, of which the latter had held the legal title, were adjudged to belong to the estate of the former, and the executors and trustees of the will of Susan Spofford were directed to deliver to the representatives of the estate of Paul Spofford, the proceeds of such lands, as they should be received from appellee. But it was agreed that appellee should deliver such proceeds to Mrs. Spofford's representatives.

By the statute administrators are allowed, as commissions, five per cent "on all sums they may actually receive in cash, and the same per cent on all sums they may pay away in the course of their administration." Rev. Stats., art. 2190. But such commission is not allowed "for receiving any cash which was on hand at the time of the death of the testator or intestate, nor for paying out money to the heirs or legatees as such." Article 2191. The right to commissions is only given for receiving and "paying away" money in the "course of administration." It does not arise in the first instance from the mere receipt of the estate, nor in the second from delivering it to the heirs or legatees as such. The administration of the property, as intended in article 2190,.takes place between its receipt by the administrator and its delivery to those entitled ultimately to receive it from him. The words of the statute, "heirs or legatees as such," were intended by the statute to embrace all those who, when the administration is ended, are entitled to receive the residue of the estate, either by inheritance or through a will.

Persons who are heirs or beneficiaries of a will may be entitled to receive money from the estate in other capacities, and the right of the administrator to commissions for paying to them is saved by the language used. Sometimes, parties who are not technically legatees may be entitled to a residue of money remaining in the hands of the administrator at the close of the administration, as is the case when lands devised are sold to pay debts, the balance left of the proceeds going to the devisees. But there is no conceivable reason why the administrator would be allowed commissions in such case for delivering such balance, when he is not allowed it for delivering to a legatee. The latter word is intended in our opinion to embrace any person who is entitled under the will of decedent to receive money from the administrator or executor. The provisions regulating final settlement and partition are in line with this view. Articles 2135–2145. After all debts are paid, the executor or administrator is required to state and present to the court his account for final settlement, one of the requisites of which is a statement of the persons entitled to receive the estate, who are in article 2143 referred to as "the heirs, devisees and legatees" of the estate, and to these the residue of the estate is to be distributed and delivered.

Provision is made requiring the executor or administrator, in certain contingencies, to pay money left for heirs, devisees or legatees to the State Treasurer, and for that purpose to collect debts and sell property; but express provision is also made that the court shall allow reasonable compensation for services. Articles 2146-2163. The payment in this case was made to executors and trustees, but they received it for the benefit of the persons entitled to receive from them, and the case is the same as if the payment had been made to the beneficiaries of the will. Or, if the payment be treated as having been made to the representatives of Paul Spofford, it is yet true that they are the persons entitled to receive it from appellant either under his will or by inheri-

tance from him. It was not money paid away in the course of administration

The judgment of the District Court cannot be affirmed on the assumption that this was an allowance made to the administrator as reasonable compensation for his services. It was adjudged to him as his statutory commissions. The question whether or not he was entitled to an allowance apart from his commissions has not been passed on in the court below.

Reversed and rendered.                    *Reversed and rendered.*